THE MISSOURI PACIFIC RAILWAY COMPANY v. J. W. PIERCE.

1. DEMURRER TO EVIDENCE, *Overruled; Ruling not Reversed, When.* Where a demurrer has been interposed to the evidence, and by the court overruled, such ruling will not be disturbed unless it is shown that no competent evidence was given at the trial tending to support the issues framed by the pleadings.

2. EVIDENCE, *Positive and Negative; Weight.* As a general rule, the testimony of one who was in such a position as to know, and who can swear positively that a locomotive whistle was sounded at and before reaching a crossing of a public road, is of much greater weight than a statement of a witness who was not in such a position as to be able to state positively that no whistle was sounded. (*K. C. Ft. S. & G. Rld. Co. v. Lane,* 33 Kas. 702.)

*Error from Miami District Court.*

ACTION by *Pierce* against *The Railway Company*, to recover damages for the negligent killing of his cow. At the February term, 1886, verdict and judgment for plaintiff for $50 damages, and costs. The defendant company brings the case to this court. The facts appear in *Mo. Pac. Rly. Co. v. Pierce*, 33 Kas. 61, *et seq.*, and in the opinion herein.

*W. A. Johnson,* for plaintiff in error.

*Brayman & Sheldon,* for defendant in error.

Opinion by CLOGSTON, C.: The errors now complained of are, first, that the court erred in overruling the demurrer to the plaintiff's evidence; second, that the findings of fact, as found by the jury, are irreconcilable with the general verdict; third, that the court erred in refusing to instruct the jury as requested by the defendant.

Before this court would be authorized in holding that the court erred in overruling the demurrer to the evidence, it must be found that no competent evidence was given which would tend to support the verdict and judgment; not that a preponderance of such evidence be found. If any competent evidence was given, then this court will not disturb the judgment of the trial court, although we might believe that no sufficient evidence had been given, on which, had we been trying the case, we would have rendered the judgment. Counsel for defendant in error insist that there is competent evidence to show negligence on the part of the employés of the defendant. We think there is not much evidence of, or circumstances tending to show negligence, yet we think there is some evidence. Sherman Pierce testified that no whistle was sounded until the engine was within twenty feet of the cow, and that the crossing was in plain view of the engineer on the approaching train for seventy rods before he reached it, and that when he first discovered the train it was about 200 feet east of the crossing, and at that time some of the cows he was driving

were nearing or on the crossing. Other witnesses did not hear any whistle sounded until the giving of the danger signal just before striking the cow, though they say they would have heard the whistle had it been sounded. If this testimony were true, and for the purposes of the demurrer it is so considered, then we think there was evidence tending to show negligence on the part of the defendant.

As to the second proposition, we shall not discuss it, as the last error assigned will dispose of the case so as not to require consideration of the other. The third error alleged is, that the court refused to instruct the jury as requested by it, and gave nothing in the general charge in any way covering the instructions refused.

The instructions refused, being numbers 13 and 14, are as follows:

"13. The plaintiff has introduced the testimony of some witnesses who state that they were in such position that if a whistle had been blown or the bell rung eighty rods before the train reached the street-crossing, that they could have heard it; and the defendant has introduced the evidence of the engineer and fireman who were on the train at the time of the injury to plaintiff's cow, who testify that they did sound the whistle and ring the bell before the train passed the first street east of Locust street. The testimony of the plaintiff's witnesses that they were in such situation that if a whistle had been sounded or a bell rung, that they could have heard it, and that there was nothing to have prevented them from hearing it, is of a negative character, while the testimony of the defendant's witnesses that they did sound the whistle and ring the bell is of a positive character; and as a general rule of law the testimony of one who is a credible witness, who swears positively that the whistle of a locomotive was sounded, or the bell rung, is of much more value than the statements of a witness, equally credible, that he did not hear the whistle sounded or the bell rung.

"14. The negative testimony of a witness who did not see the passing locomotive, or give heed to the sounding of the whistle or the ringing of the bell, and who was in a situation to have heard the same, but did not hear it, and who may have been accustomed to the frequent sounding of whistles and ringing of bells, is entitled to but little weight as against the

positive testimony of one who swears that he saw and heard the sounding of the whistle and the ringing of the bell, both witnesses being equally credible."

The evidence as to the sounding of the whistle was on the part of the plaintiff that no whistle was sounded before approaching the crossing to warn persons of the approach of the train; which, had it been given, the injury could have been prevented. Samuel Pierce testified that the engine "never whistled until just before they knocked the cow off the track, and that there was no noise to prevent him from hearing the whistle had it been sounded." Charles Chandler testified that he was in his garden at work at the time of the injury, one block west of the crossing of the street where the injury occurred, and about fifty feet from the track, and said: "I don't recollect of hearing the train whistle except at Locust street. I think there were two or three sharp whistles was all I heard."

"*Ques.*: Now state if you can ordinarily hear the whistle when they whistle for the station further up the track? *Ans.*: I can if I am out of doors.

"Q. Was there anything to prevent you from hearing the whistle on that morning? A. No, sir; nothing at all."

Other witnesses also testified substantially the same as to the sounding of the whistle. On the part of the defendant, one Tibbitts, the engineer in charge of the engine at the time of the injury, testified as follows:

"*Ques.*: Now I will ask you to state how near to the Locust street crossing you were when you discovered the boy trying to drive the cattle over the road? *Ans.*: The engine was just over the crossing above.

"Q. Something like three hundred feet? A. A block — three hundred feet — I should judge.

"Q. Were there any cattle on the track at that time? A. Yes, sir.

"Q. Was that the first time you discovered the cattle on the track? A. Yes, sir; but I didn't first discover the cattle.

"Q. State if the whistle had been blown before that time? A. Yes, sir.

"Q. Where, at what point, did you blow the whistle?

A. I blowed at the whistling-post for the station, and then I ran along for a short distance, and then I blowed for the first crossing two or three short whistles, and then we went along to the second crossing — gave three blasts of the whistle.

"Q. When you first discovered the cattle on the track did you blow the whistle?  A. Yes, sir."

The fireman who was firing on the engine testified substantially the same as the engineer, that the whistle was blown at the crossings east of the street where the cow was killed, and also when the cattle were first discovered on the track, about a block east of the crossing.   The instructions refused, and of which defendant complains, follow the rule laid down by this court in *K. C. Ft. S. & G. Rld. Co. v. Lane*, 33 Kas. 702, in which Mr. Justice JOHNSTON gave the rule as follows:

"As a general rule, the testimony of one who swears positively that the locomotive whistle was sounded, is of much greater value than the statement of a witness that he did not hear it sounded.   Such negative testimony by a witness who was not giving heed to the passing locomotive or the sounding of the whistle thereon, and who is accustomed to the frequent sounding of the same, is ordinarily entitled to but little weight."

The testimony given by the plaintiff was of that negative character, and the testimony of the engineer and fireman was of that positive character covered by this rule, and the instructions ought to have been given.   The jury doubtless found negligence on the part of the defendant on this testimony that no signal of danger was sounded so as to warn in time to prevent the injury.   To so find was to give the negative testimony the full force and effect of positive testimony, and the refusal to give the instructions asked for left the jury without a guide in weighing and determining the force and effect to be given to such testimony, and this error will require a reversal of this case.

We therefore recommend that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.