THE STATE OF KANSAS v. R. W. WESTER.

No. 13,638. (74 Pac. 239.)

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Information—Duplicity.* An information that charges two separate and distinct offenses in one count is bad for duplicity, and a motion to quash for this reason should be sustained.

Appeal from Reno district court; M. P. SIMPSON, judge. Opinion filed November 7, 1903. Reversed.

*C. C. Coleman*, attorney-general, *Carr W. Taylor*, and *J. U. Brown*, for The State.

*Prigg & Williams*, for appellant.

The opinion of the court was delivered by

GREENE, J.: The appellant, with three others, was informed against for maintaining a nuisance under the prohibitory law. The appellant was separately

tried, convicted, and sentenced, from which he appeals. The charging part of the information reads :

"That in a certain building in the city of Plevna, in said county and state, on lots numbers seventy-nine (79), eighty-one (81), and eighty-three (83), on South Main street, in said city of Plevna, in a certain building known as a livery barn and in a certain one-story building situated on said lots, known as the barber shop, are both places where intoxicating liquors are unlawfully sold, bartered, and given away by the said defendants, R. W. Wester, Emert Beaucamp, John Hoffner, and George Callahan, and that both the said places above described, situated on said lots 79, 81, and 83, South Main street, in said city of Plevna, as aforesaid, are places where people resort, and are permitted to resort, by the said defendants and each of them for the purpose of drinking intoxicating liquor as a beverage, and where intoxicating liquors are unlawfully kept by the said R. W. Wester, Emert Beaucamp, John Hoffner and George Callahan for unlawful sale, gift, barter and delivery and are sold by said defendants, to the common nuisance of the people of the state of Kansas. . . ."

The defendant filed a motion to quash this information because there were two separate and distinct offenses charged in the same count. The motion was overruled, and after the jury returned their verdict of guilty the defendant moved in arrest of judgment for the same reason, which motion was overruled. He then filed his motion for a new trial, and upon argument this motion was also overruled and he was sentenced. The only errors complained of are the overruling of these motions, which have their foundation in the insufficiency of the information.

There were two separate buildings upon the lots described in this information, one a barber shop and the other a livery barn. The information charged that the parties informed against were guilty of maintain-

ing a nuisance in each of said buildings.   These were separate and distinct offenses.   The evidence which would prove the maintenance of a nuisance in one would not necessarily prove the maintenance of a nuisance in the other.   If the jury should find the defendant guilty as charged in the information, it would be the duty of the court to impose a sentence for both offenses.   That the offenses charged are such as might have been charged in different counts of the same information cannot be denied, but can they both be charged in one count?.   We know of no precedent. Where a statute provides that an offense may be com - mitted in several different ways, one may be charged with the commission of such offense in any one of such ways, or he may be charged conjunctively, in the same count, with having committed the offense in all of the ways enumerated in the statute.   This, however, would only be charging one offense.   The statute un- der consideration furnishes an illustration.   Section 2463, General Statutes of 1901, provides :

·   ''All places where intoxicating liquors are manufac- tured, sold, bartered, or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxi- cating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery, in viola- tion of this act, are hereby declared to be common nuisances.''

It is a violation of this act to keep a place where in- toxicating liquors are sold, bartered, or given away. It is also a violation to keep a place where persons are permitted to resort for the purpose of drinking in- toxicating liquors as a beverage.   Notwithstanding the commission of either of these acts would be a viola- tion of the law, they may be joined conjunctively in one count, thus constituting one offense and subject-

ing the defendant to one punishment. The allegations of the information under consideration are that "on South Main street in said city of Plevna, in a certain building known as a livery barn and in a certain one-story building situated on said lots, known as the barber shop, are both places where intoxicating liquors are unlawfully sold." Two separate and distinct offenses cannot be charged in the same count.

The jury returned a verdict of guilty as charged in the information. Upon this verdict it was the duty of the court, under the above section, besides imposing a fine and sentence, to direct the sheriff to abate and shut up both places by taking possession thereof, and by taken possession of all intoxicating liquors found therein.

The motion to quash should have been sustained. For this reason the judgment of the court below is reversed, and the cause remanded with instructions to set aside the verdict and judgment and sustain the appellant's motion to quash the information.

All the Justices concurring.