No. 19,164.

THE STATE OF KANSAS, *Appellee,* v. NELLIE THOM, *Appellant.*

### SYLLABUS BY THE COURT.

"WHITE SLAVE" ACT—*Insufficient Information.* The information examined, and held not to charge an offense under the so-called "white slave" act.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed May 9, 1914. Reversed.

*F. J. Oyler,* of Iola, for the appellant.

*John S. Dawson,* attorney-general, *Frank R. Forrest,* county attorney, and *Charles H. Apt,* of Iola, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant was charged in and tried upon an information containing two counts which, omitting the title and verification, are as follows:

### "FIRST COUNT.

"I, Frank R. Forrest, county attorney of Allen county, in the state of Kansas, in the name and by the authority of the state of Kansas, come now and give the court to understand and be informed that on or about the —— day of June, A. D. 1913, at Iola, in said county of Allen and state of Kansas, one Nellie E. Thom did then and there unlawfully, feloniously persuade, induce and entice a female person, viz., Nellie Luther, a female under eighteen (18) years, to wit: of the age of fifteen (15) years, to commit fornication with one Harry Dalton, a male person, by having her, the said Nellie Luther to hold unlawful illicit sexual intercourse with the said Harry Dalton at the instance, knowledge and connivance of the said Nellie E. Thom, the said Nellie Luther and the said Harry Dalton each being at the time single and unmarried, said acts of illicit and unlawful sexual intercourse between the said Nellie Luther and Harry Dalton occurring and taking place at sundry times and places in the city of Iola, Allen

county, Kansas, commencing May 30, 1913, and continuing thereafter at diverse and sundry times and places in said city, county and state, until June 19, 1913, contrary to the statutes in such cases made and provided and against the peace and dignity of the state of Kansas.

### "SECOND COUNT.

"I, Frank R. Forrest, county attorney of Allen county, Kansas, in the name and by the authority of the state of Kansas, come now and give the court to understand and be informed that on or about the ——— day of June, 1913, at Iola, in said county and state, one Nellie E. Thom did then and there unlawfully, feloniously aid and abet one Harry Dalton in carnally knowing a female under the age of eighteen (18) years, to wit, Nellie Luther, of the age of fifteen (15) years, contrary to the statutes in such case made and provided and against the peace and dignity of the state of Kansas."

She was convicted on the first count and acquitted on the second, and appeals from the judgment. The prosecution was based upon section 1 of chapter 179 of the Laws of 1913, commonly known as the "white slave" law, which reads:

"Any person who shall knowingly persuade, induce, entice or procure, or assist, in persuading, inducing, enticing or procuring any female person, for the purpose of prostitution, fornication or concubinage, to enter or remain in any house of prostitution, or any place where prostitution, fornication, or concubinage is practiced, permitted or allowed, or who shall, by any means whatever, detain any female person, for the purpose of prostitution, fornication or concubinage in any such house or place, or who shall persuade, induce, entice or procure, or assist in persuading, inducing, enticing or procuring any female person for the purpose of prostitution, fornication or concubinage, to leave the state or to go from one place to another within this state, for the purpose of prostitution, fornication or concubinage shall be deemed guilty of a felony, and on conviction thereof shall be punished by confinement in the state penitentiary at hard labor for not less than one year, nor more than five years; pro-

vided, no conviction shall be had on the uncorroborated testimony of the woman."

The appellant in due time presented a motion to quash the information and each count therein for the following reasons:

"First. Because said information, nor either count therein, does not state facts sufficient to constitute any offense against the laws of the state of Kansas.

"Second. Because said information, and each and every count thereof, is indefinite and uncertain as to times and places where the pretended offense or offenses were committed.

"Third. Because the second count is in conflict with the first count of the information as to the date alleged and does not describe in what way or manner the defendant aided and abetted in the commission of the pretended offense."

The motion should have been sustained as to the first count. There are three felonies defined in section 1, *supra,* to wit: first, "Any person who shall knowingly persuade, induce, entice or procure, or assist, in persuading, inducing, enticing or procuring any female person, for the purpose of prostitution, fornication or concubinage to enter or remain in any house of prostitution, or any place where prostitution, fornication, or concubinage is practiced, permitted or allowed"; second, or "shall, by any means whatever, detain any female person, for the purpose of prostitution, fornication or concubinage in any such house or place"; third, or "shall persuade, induce, entice or procure, or assist in persuading, inducing, enticing or procuring any female person for the purpose of prostitution, fornication or concubinage, to leave the state or to go from one place to another within this state, for the purpose of prostitution, fornication or concubinage."

It will be seen that the first count of the information charged neither of the essential ingredients above specified. Stripped of its verbiage, the only charge in the first count of the information is, "that on or about

the — day of June, A. D. 1913, at Iola, in said County of Allen and State of Kansas, one Nellie E. Thom did then and there unlawfully, feloniously persuade, induce and entice a female person, viz., Nellie Luther, a female under eighteen (18) years, to wit: of the age of fifteen (15) years, to commit fornication with one Harry Dalton, a male person, by having her, the said Nellie Luther, to hold unlawful illicit sexual intercourse with the said Harry Dalton at the instance, knowledge and connivance of the said Nellie E. Thom." This is practically the same offense that is charged in the second count of the information and of which the appellant was acquitted.

The count failed to charge that appellant persuaded or in any way assisted in procuring the girl to enter a house of prostitution or other place for any purpose; also failed to charge that appellant detained the girl at any house or place for any purpose, or that she persuded or in any way had anything to do with the girl's leaving the state or going from one place to another in the state for the purpose of prostitution.

The count did state facts sufficient to constitute the offense of abetting a statutory rape, but as that was specifically charged in the second count, on which there was an acquittal, it may be ignored in the present discussion.

The judgment is reversed.