No. 21,160.

ERNEST SMITH, *Appellee*, v. B. F. BUSH, Receiver of the MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Defective Engine—Fire Loss—Train Sheets and Railroad Records as Evidence.* Although train sheets and records of a railway company, made before the occurrence of a fire could have been known, which show that no engine or train was operated at or near the place where the fire in question occurred, are entitled to great weight as evidence, this court cannot weigh the effect of them as against evidence of persons who testified that they saw an engine operating there at the time.

2. SAME—*Weight of Certain Evidence—Improper Instruction.* The following instruction should not have been given, in view of the character of the conflicting evidence upon the issue of fact to which it refers:

"You are instructed that under the law of this state a positive statement of a witness as to an existing fact with relation to seeing or hearing a thing, which he was in a position to see or hear, is of greater value than the statement of a witness who testified that he did not see or hear a thing."

3. SAME—*Two Acts of Negligence Alleged—Findings Sufficient.* The petition alleged the fire was caused by negligence in operating the engine, and also negligence in failing to provide sufficient devices to

prevent sparks.  In answer to a special question the jury found that the fire was caused by careless handling of the engine, or because of the defective condition of the smokestack.  There was no evidence from which the jury could have answered differently.  *Held,* following *Hilligoss v. Railway Co,* 84 Kan. 372, 114 Pac. 383, it was not necessary, in order to support the verdict, that the jury agree among themselves as to which of the two acts of negligence occasioned the fire.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge.  Opinion filed December 8, 1917.  Affirmed.

*W. P. Waggener, Walter E. Brown,* both of Atchison, and *Al F. Williams,* of Columbus, for the appellant.

*C. A. McNeill,* of Columbus, and *E. B. Morgan,* of Galena, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action for damages to property alleged to have been destroyed by fire caused through the negligent operation of defendant's trains.  Plaintiff recovered and defendant appeals.

The petition alleges that on the night of the 5th of December, 1915, between the hours of 10:50 and 11:30, the defendant operated a locomotive engine through the village of Carona in Cherokee county, that the engine was being run backwards and forwards through the station yards, and that defendant neglected to provide the engine with necessary devices, and sufficient spark arresters, to prevent the same from throwing out live sparks, and was negligent in handling and operating the engine, and suddenly threw on the steam with too great force, causing a powerful exhaust through the smokestack which caused the hot coal, cinders and sparks to be blown several hundred feet, setting fire to and destroying three buildings belonging to plaintiff of a value of $2,100 and personal property located in the buildings.  Judgment was asked for $2,800 damages and for attorney's fees.  The answer was a general denial and the further statement that defendant's engines were properly equipped and properly handled.  At the first trial the jury disagreed.  On the second trial there was a verdict for plaintiff for $1,800 damages and $150 attorney's fees.

1. The defendant seeks a reversal on the ground that the record discloses that the verdict is based upon perjured testimony. Plaintiff produced a number of witnesses who testified that they saw an engine on defendant's tracks before the fire. John Machetta, a coal miner, and his wife testified that between half past ten and half past eleven they were going home, and saw an engine on the track; that it was running down grade, was pulling hard and throwing lots of sparks. A boy of fifteen testified to the same thing, and a girl eleven years old testified that she saw the engine and that it was pulling hard. Two or three other witnesses testified to having heard an engine puffing on the tracks sometime before the fire occurred. The testimony showed conclusively that at the place where these witnesses claimed to have seen the engine, it must have been running down grade. None of these witnesses saw anything attached to the engine. Defendant produced four witnesses who testified they were near the station a short time before the fire broke out. One of these was the station agent of defendant and one was the superintendent of public schools of Carona. These two had just walked for a half mile on the tracks at the place and in the direction from which plaintiff's witnesses claimed to have seen an engine. All of the four testified there was no engine to be seen anywhere about. The defendant also produced the train sheets and train records and the testimony of the train dispatcher, all of which show that the last train through Carona before the fire was a little after 5 o'clock in the evening, and that the next train after that did not arrive until 12:30 in the morning, which was after the fire. We think the most that can be said is that the record disclosed a case which would have justified the trial court in granting a new trial. Notwithstanding the credence which must attach to the train sheets and records of the defendant showing the operation of its trains in that district, and obviously made before the occurrence of the fire could have been known, we cannot say that it was not possible for an engine to have been operating on the tracks in question at the time and place testified to by the witnesses for the plaintiff. The trial court heard and saw the witnesses and has approved the verdict, and regardless of what this court might think as to the weight of the testimony, we are foreclosed by the ruling of the trial court on the motion.

2. One of the principal contentions is that the trial court erred in giving the following instruction:

"You are instructed that under the law of this state a positive statement of a witness as to an existing fact with relation to seeing or hearing a thing, which he was in a position to see or hear, is of greater value than the statement of a witness who testified that he did not see or hear a thing."

It is insisted that this misled the jury, and was relied upon in the argument on behalf of plaintiff in the court below; that by the instruction the court overlooked and ignored the question whether or not defendant had offered any positive testimony to show that there was no engine there, and whether or not defendant's witnesses were in as good a position to see as plaintiff's witnesses, and whether or not they were equally credible witnesses. The defendant relies on *K. C. Ft. S. & G. Rld. Co. v. Lane,* 33 Kan. 702, 7 Pac. 587, in which a refusal to give such an instruction was held not error because it ignored all modifying circumstances and assumed that no positive testimony was offered by the other side. The decision has been followed and approved in *Mo. Pac. Rly. Co. v. Pierce,* 39 Kan. 391, 18 Pac. 305, and *Union Pacific v. Geary,* 52 Kan. 308, 34 Pac. 887. In view of the character of the testimony offered by defendant on the issue of whether there was any engine or train at the place in question, the instruction should not have been given, but we are not prepared to say that it constitutes in this case reversible error.

3. At the request of the defendant, special questions were submitted, among which the jury were asked in case they found the fire was caused by any negligence on the part of the defendant, then to state fully the act or acts of negligence of which the defendant, its agents or servants, were guilty. The answer to this question was as follows:

"Because of the careless handling of the engine, or because of the defective condition of the smokestack of the engine."

It is insisted these findings show that the jury have never agreed as to the act of negligence upon which they base their verdict; that six of them may have believed the engine was properly equipped but negligently handled; the other six may have believed from the evidence that the engine was properly handled, but negligently equipped. The defendant urges that

the case falls within the principle held controlling in the case of *Barker v. Railway Co.,* 89 Kan. 573, 132 Pac. 156, where a very similar question was involved, but which arose in a different manner. In that case, as in this, the petition alleged that the engine was negligently operated and also alleged negligence in the equipment as to attachments and devices. The trial court refused to submit certain special questions at the request of the defendant, the purpose of which was to require the jury, in case they found for the plaintiff, to state whether they believed from the evidence that the fire was occasioned by a defect in the engine or by reason of improper operation. A judgment in plaintiff's favor was reversed and a new trial ordered because of the refusal to submit these questions. In the opinion it was said:

"While the statute makes the setting out of a fire caused by the operation of a road *prima facie* evidence of negligence, still when the jury find that the fire originated from the engine they should be required, upon the request of the defendant, also to find whether it was caused by insufficient equipment or by improper management. We cannot agree with the contention of plaintiff's counsel, that if half of the jurors believed the fire was caused by a defect in the engine, and the other half, that it was caused by improper operation, the plaintiff would still be entitled to recover. If this were true there might be a consensus of opinion as to the liability of the defendant on twelve different bases on which such opinion could rest, each relied on by only one of the jurors and none by all. Their unanimous opinion as to the essential facts of the case, as well as to the general result, must be in favor of the prevailing party." (p. 576.)

The doctrine of that case, however, has no room for application in the present case, for the reason that there was no evidence from which the jury could have returned a different answer. The defendant claimed that it had no engine operating at that place, and while the answer alleged that its engines were properly equipped and properly handled, no evidence was offered in support of this defense. Proof that the fire was caused by the operation of the railroad is *prima facie* evidence that it was the result of negligence. (Gen. Stat. 1915, § 8473.) The case is controlled by the decision in *Hilligoss v. Railway Co.,* 84 Kan. 372, 114 Pac. 383, where the jury were unable to determine from the evidence whether the fire was caused by negligence in operation or in equipment of the engine, and returned as an answer to the question, "Don't know." The de-

fendant asked that they be required to make a more definite answer, and complained that the court refused its request. It was held that because of the presumption created by the statute—

"It is not necessary, in order to sustain a verdict for the plaintiff, that the jury shall be able to specify in what respect the defendant was negligent." (Syl. ¶ 3.)

It was said in the opinion—

"If in the present action, no evidence whatever had been introduced on the subject of negligence, beyond the bare fact that the fire was set out by the defendant's engine, and the same questions had been submitted, the jury would necessarily have answered them just as they did." (p. 374.)

The statutory presumption prevails until it is met with evidence sufficient, in the minds of the jury, to overcome the presumption. In the present case, there being no evidence on the question, it was not necessary that the jury should agree among themselves as to which kind of negligence charged in the petition was, in fact, the proximate cause of plaintiff's loss.

The judgment is affirmed.