No. 21,711.

THE STATE OF KANSAS, *Appellant*, v. R. E. GREEN, *Appellee.*

SYLLABUS BY THE COURT.

INFORMATION—*Charging Several Misdemeanors in One Count—Bad for Duplicity.* A count of an information charging two or more separate and distinct misdemeanors is bad for duplicity, and a motion to quash such count should be sustained.

Appeal from Sedgwick district court, division No. 1; THORN-TON W. SARGENT, judge. Opinion filed January 11, 1919. Affirmed.

*S. M. Brewster*, attorney-general, *T. F. Railsback*, assistant attorney-general, and *Ross McCormick*, county attorney, for the appellant.

*S. B. Amidon, D. M. Dale, S. A. Buckland*, and *Glenn Porter*, all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J: The state appeals from a judgment quashing two counts of an information for violation of the prohibitory law, and alleges that there was no motion to quash filed, and that had there been, the grounds were not well taken.

An examination of the counter abstract and the correspondence set forth in the record leaves no doubt that there was a motion to quash duly filed, and that on this motion the ruling was made.

The first count, in substance, charged that the defendant, on divers dates and times, did unlawfully deliver a large number of consignments of intoxicating liquors to persons other than the consignees thereof. The second count charged the defendant, on divers days and times, with unlawfully delivering a large number of consignments of intoxicating liquors to a certain mineral water company.

It is perfectly plain that each one of these counts charges an unknown number of separate and distinct offenses and is bad as against a motion to quash. Section 104 of the criminal code reads: "The indictment or information must be direct and certain as it regards the party and the offense charged."

(Gen. Stat. 1915, § 8018.) In *The State v. Lund,* 49 Kan. 209, 30 Pac. 518, an information which charged in one count an unlawful sale and the unlawful keeping of a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage was held subject to a motion requiring the state to set forth each offense charged, in a separate count. In *The State v. Wester,* 67 Kan. 810, 74 Pac. 239, the information charged the defendant with keeping two places where intoxicating liquors were unlawfully sold. The syllabus reads:

"An information that charges two separate and distinct offenses in one count is bad for duplicity, and a motion to quash for this reason should be sustained."

This holding has never been modified by legislation or judicial decision and remains the law of the state.

To say that a person at a certain time and place unlawfully delivered a large number of consignments of intoxicating liquor to persons other than the consignees thereof, charges, in effect, an undisclosed number of sales to divers unnamed persons. Not only does the defendant have no means of knowing the nature and cause of the accusations against him, but should proof be permitted under such an allegation and twelve different deliveries to twelve different persons be shown, the defendant might be convicted although no two of the jurors agreed on the same transaction as constituting the offense. This will not do even in a civil case. (*Barker v. Railway Co.,* 89 Kan. 573, 132 Pac. 156; *Smith v. Railway Co.,* 102 Kan. 150, 169 Pac. 217.)

"An indictment or information must not in the same count charge defendant with the commission of two or more distinct and substantive offenses, and in case it does so it is bad for duplicity, if the offenses are inherently repugnant, or so distinct that they cannot be construed as different stages in one transaction or involve different punishments." (22 Cyc. 376.)

"It is a general rule that an indictment or information charging two or more distinct and separate offenses in one count is bad for duplicity . . . the true reason seems to be . . . because they are, in reality, distinct offenses, and that where offenses apparently distinct, but arising under the same statute or out of the same transaction, and having the same punishments, are permitted to be embraced in the same count, it is because, in the circumstances of the case, they constitute, in effect, but one offense." (14 R. C. L. 194, § 40.)

(See, also, 1 Chitty's Criminal Law, 249; Wharton's Criminal Pleading and Practice, 9th ed., § 243; 1 Wharton's Criminal Procedure, 10th ed., § 292.)

The judgment is affirmed.