No. 22,770.

THE CITY OF GREAT BEND, *Appellee*, v. C. V. SHEPLER, *Appellant*.

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Continuance Properly Denied.* No error was committed in denying the defendant's application for a continuance.

2. SAME—*Keeping Hotel for Lewd and Immoral Purposes—Rulings of Court.* Certain rulings touching the reception of evidence with reference to the reputation of the defendant and of his hotel examined, and held to be free from material error.

3. SAME—*Requested Instruction Rightfully Refused.* A certain requested instruction was rightfully refused, because covered by others which were given.

4. SAME—*Evidence Justified Conviction.* The evidence examined, and found fully to justify a conviction.

5. SAME—*Complaint Not Bad for Duplicity.* The motion to quash the complaint for duplicity was properly overruled.

6. SAME—*Conviction on One Count Only Acquitted as to All Others.* The verdict of guilty under one count operated as an acquittal on the other counts.

7. SAME—*Requisites of Complaint.* Rule followed, that each count in a complaint or information must state but one offense, save that it may set forth different steps or stages in the commission of one offense.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed October 8, 1921. Affirmed.

*J. P. McLaughlin,* of Osage City, *A. M. Harvey,* and *Ralph T. O'Neil,* both of Topeka, for the appellant.

*James W. Clarke,* city attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The city of Great Bend has an ordinance, section two of which makes it a misdemeanor to keep for use any house or other building or any room in any house or other building for any lewd or immoral purpose; section three makes it a misdemeanor to keep any house or building or any room in any house which shall with the consent of the keeper be resorted to by others for lewd purposes; and section four makes it a misdemeanor for any person to keep any house or other building for the purpose of prostitution, or for any lewd pur-

pose. The defendant was arrested under a complaint which charged that he kept for use a certain building known as the Shepler Hotel for lewd and immoral purposes; that he kept such building and rooms therein which with his consent were resorted to by others for lewd purposes; and that he kept such building for the purposes of prostitution and lewdness. This complaint was filed before the police judge on July 15, 1919, and in the district court August 30, 1919. On November 26, 1919, the defendant moved to quash on account of duplicity and other grounds, which motion was overruled. The abstract states that the transcript does not show the defendant was arraigned or entered a plea, and that in fact he was not arraigned and did not plead to the complaint. At the conclusion of the city's evidence the defendant demurred thereto and moved for discharge on the ground that it did not show any public offense. Both were overruled. On November 26 the defendant filed a motion for a new trial and a motion in arrest of judgment, which motions on December 16, 1919, were overruled.

The court charged that if the jury believed from the evidence beyond a reasonable doubt that the defendant was the owner or in charge of the building described and the rooms therein and—

"That he kept the same for lewd and immoral purposes, and permitted other persons to resort thereto for lewd and immoral purposes, and for prostitution and lewdness, then, and in such case, it would be your duty to find the defendant guilty of the offense charged in the complaint."

The jury were also instructed that under the ordinance to justify a conviction they must find—

"That the defendant was in charge of the Shepler Hotel as the keeper thereof, and that the same was kept for immoral purposes; that he did then and there keep the said building and rooms therein which with his consent were resorted to by others for lewd purposes, and for prostitution and lewdness; or that such conduct was permitted upon his part to be carried on at such place for such purposes in connection with the operation of said premises as a hotel; and that he knew, at the time named in the complaint, to wit, July 12, 1919, acts of immorality, prostitution and lewdness were being therein conducted."

The jury found the defendant guilty as charged under section 2 of the ordinance only, the section which makes it a misdemeanor to keep any house or building for any lewd or immoral purpose.

The defendant assigns as error the overruling of his motion for continuance, his motion to quash, his demurrer to the evidence, the motions to discharge, and for a new trial, and to set aside the verdict. He also complains of the admission and rejection of certain testimony, and the giving and refusing of certain instructions, also failure to arraign the defendant, and to require his plea to the complaint.

The motion for continuance was based on the ground that owing to local prejudice outside counsel were required, but were not present. We have examined the record touching this matter and do not feel convinced that any error was committed in overruling the motion.

Failure to arraign even in a misdemeanor case where the state is plaintiff is not a ground for reversal. (*The State v. Forner,* 75 Kan. 423, 89 Pac. 674. See, also, *The State v. Sexton,* 91 Kan. 171, 179, 136 Pac. 901.)

Complaint is made about sustaining objections to certain testimony of witnesses Kelley and Everleigh touching the reputation of the hotel, but the abstract fails to show any such ruling. Witness Luce was asked: "From your observations and what you have seen there, are you able to tell the reputation of this place as being conducted in a proper manner as to morality and chastity?" To this an objection was raised on the grounds of incompetency, irrelevancy, immateriality, and because leading, and was sustained. We are unable to see how the reputation of the place could arise from what one observes or sees there. But as the question was only whether the witness from such means was able to tell its reputation no harm could have come from an answer "yes" or "no" to such question. What the answer would have been, however, we cannot tell, and hence we cannot see any harm in the ruling as no light was given on this matter on the hearing of the motion for a new trial.

Complaint is made of an instruction to the effect that in determining the reputation of the hotel the jury might take into consideration its character and reputation as well as the character and reputation of the defendant. Counsel points out no authority for his criticism of this instruction, and assuming without deciding that the character and reputation of the defendant were not proper subjects for inquiry touching the character and reputation of his hotel, it may be observed that

under the evidence and findings in the abstract no material prejudice resulted from this instruction.

Fault is found because the court refused to give a requested instruction to the effect that the defendant was not an insurer of the conduct of his guests and employees, and that he could be convicted only for knowingly permitting or allowing misconduct on their part in his building. In instruction No. 9 the court told the jury that if the defendant operated the building as a hotel or lodging house and "in connection therewith knowingly permitted acts of lewdness and prostitution upon the part of his employees and guests of the said hotel, or permitted others to resort thereto for purposes of prostitution and lewdness, such conduct, upon his part, would be sufficient to constitute a violation" of the ordinance. In instruction No. 13 they were expressly told that if the defendant had no knowledge of such conduct and was innocent of any participation therein, then, and in such case, he could not lawfully be convicted of the charge contained in the complaint. Hence, there was no error in refusing the instruction referred to.

It is argued in the brief that the evidence was insufficient to establish the guilt of the defendant. We cannot agree with this contention. The testimony found in the abstract paints about as complete a picture of the sort of place charged in the complaint as could be furnished by photographs and moving pictures.

We have left until the last the ruling of the court in refusing to quash the complaint as it is the only serious point presented. Even in misdemeanor cases the defendant has a right to know the nature and cause of the accusation against him so that he may properly prepare his defense, and if in one count of the complaint he is charged with several distinct offenses, it is quite possible, if not probable, that some of the jurors might deem him guilty of one and not of the others, and other members of the panel might take a different view of the matter, and so he would find himself convicted by the ballot of fewer than the requisite number of jurors. Former mechanical strictness touching indictments and informations has happily been superseded by practical and sensible rules of criminal pleading, but there are still rules, and a citizen cannot be haled into court and subjected to trial without being advised

of some specific offense which the prosecution claims he has committed, and on that charge he is entitled to a verdict by all the members of the jury. The state or the city cannot, when twelve jurors are impanelled, convict a defendant of an offense unless the twelve unite in finding him guilty; and if he is charged with three separate offenses in one count and four of the jurors believe him guilty of one, four of another and four of the third, they cannot by combining their ballots return a legal verdict of "guilty" against him. It is no trivial matter for a citizen to be subjected to trial upon the accusation of having committed an offense against the laws of his state or municipality, and however guilty he may in fact be the presumption, until such guilt is found in accordance with the law, is in favor of his innocence and the same rules must apply on the trial of one in fact not guilty as in the trial of a criminal of the deepest dye. This matter was thoroughly discussed and decided in *The State v. Green*, 104 Kan. 16, 177 Pac. 519, a case involving a charge of misdemeanor. In that case one count in the information charged that the defendant at divers times and places delivered large consignments of liquor. It is perfectly plain that each one of these deliveries must have been a separate and distinct offense from the others. In this case we are confronted with a very peculiar ordinance. In *The State v. Goodwin*, 33 Kan. 538, 6 Pac. 899, an information charging a defendant with taking away a female under the age of eighteen years for the purpose of prostitution and concubinage was held bad for duplicity. The difference between the two purposes charged was plainly pointed out by Horton, C. J., who said:

"Now two or more offenses may, under proper circumstances, be joined in one information, but it must be in separate counts. Each count, as a general thing, should embrace one complete statement of a cause of action, and one count should not include distinct offenses—at least, distinct felonies." (p. 541.)

It was said that this rule did not apply in cases merely of misdemeanor, citing *The State v. Schweiter*, 27 Kan. 499. In that case it was held that when a statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall

have been committed by the same person and at the same time, they may be coupled in one count as constituting all together one offense only. In such cases, the offender may be informed against as for one combined act. The charge there was that the defendant did unlawfully sell and barter spirituous, malt and other intoxicating liquors and there was a motion to elect whether the prosecution should proceed for selling or for bartering. It was said that the several phases were construed as so many steps and stages in the same affair. In *The State v. Thom,* 92 Kan. 436, 140 Pac. 866, in considering an information under the "white slave" act, it was held that the act (section 1, chapter 179 of the Laws of 1913) defines three felonies; first, enticing away females for the purpose of prostitution, etc., second, detaining one for such purposes, and third, persuading, inducing or enticing, or assisting in persuading or enticing such persons for such purposes.

It might be possible to resolve this ordinance into one defining three separate offenses, but it would be difficult. It is true that the court in instruction No. 6 charged in the conjunctive instead of the alternative, but no complaint seems to have been made of that. While the ordinance is quite remarkable for its construction, and while the complaint dangerously neared the point of duplicity, that point can hardly be said to have been reached. In *The State v. Pryor,* 53 Kan. 657, 37 Pac. 169, it was held that when a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offense, and no motion to quash before arraignment is presented, such information is not fatally defective because they are coupled in the same count. It was there said to be the general rule that duplicity in criminal cases does not warrant an arrest of judgment, and "it is cured generally by a verdict of guilty as to one of the offenses charged." (p. 659.)

In this case the jury found the defendant guilty under section 2 of the ordinance which must be deemed to have the effect of clearing him of any offense covered by the other two sections.

Finding no materially prejudicial error in the record, the judgment is affirmed.

MARSHALL, J. (concurring) : I concur in the result reached, but I think the rule concerning duplicity in criminal pleading is not correctly stated in either the syllabus or the opinion.

BURCH, J.: I join in the special concurrence of Justice Marshall.